UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PEDRO and CELIA BANUELOS and ) <br> MICHELLE and TRAYVASS GALLANT ) <br> ) <br> Plaintiffs, ) <br> ) <br> ) <br> vs. ) <br> ) <br> AMERIQUEST MORTGAGE COMPANY, ) <br> AMERIQUEST CAPITAL CORPORATION, ) <br> ACC CAPITAL HOLDINGS, INC., ) <br> AMERIQUEST MORTGAGE SECURITIES, INC.,) <br> DEUTSCHE BANK NATIONAL TRUST ) <br> COMPANY and AMERIQUEST MORTGAGE ) <br> SECURITIES, INC., ASSET BACKED PASS- ) <br> THROUGH CERTIFICATES, SERIES 2005-R7 ) <br> ) <br> ) <br> Defendants. ) | No. <br><br> FILED: MAY 9, 2008 <br> 08CV2680    EDA <br> JUDGE KENDALL <br> MAGISTRATE JUDGE VALDEZ <br><br><br> JURY TRIAL DEMAND |

## COMPLAINT

### INTRODUCTION

1.  Plaintiffs seek rescission of their mortgage transactions pursuant to 15 U.S.C. § 1635. Plaintiffs also charge defendants with violation of state law.

### JURISDICTION AND VENUE

2.  This Court has jurisdiction pursuant to Title 28 of the United States Code, Sections 1331 and 1337 because plaintiffs' claim under the Truth in Lending Act arises under federal law. This Court has supplemental jurisdiction over plaintiffs' claim under state law pursuant to the Judicial Improvements Act of 1990, Pub.L.No. 101-650, 104 Stat. 5089, 28 U.S.C. § 1367.

3.  Venue is proper in this district pursuant to 28 U.S.C. § 1391(c) because the defendants do business in this district. Also, the Judicial Panel on Multi-District Litigation has issued an order centralizing predatory lending litigation against Ameriquest before Judge Aspen.

## PARTIES

4. Plaintiffs are home owners who refinanced their mortgages with Ameriquest Mortgage Company.

5. Defendant Ameriquest Mortgage Company originated plaintiffs' mortgages in connection with the refinancing transaction and took a security interest in plaintiffs' home. Upon information and belief, defendant Deutsche Bank National Trust Company is the owner/assignee of the Banuelos mortgage. Defendant Deutsche Bank National Trust Company, as Trustee of Ameriquest Mortgage Securities Inc., Asset-Backed Pass-Through Certificates, Series 2005-R7 and/or Ameriquest Mortgage Securities Inc., Asset Backed Pass-Through Certificates, Series 2005-R7 is the owner of the Gallant loan. Ameriquest Capital Corporation, ACC Capital Holdings, Inc., Ameriquest Mortgage Securities, Inc. and Deutsche Bank National Trust Company knowingly participated in and aided and abetted Ameriquest's violations of plaintiffs' rights under State law.

## COUNT ONE -- TRUTH IN LENDING ACT

6. Plaintiffs incorporate paragraphs one through five above.

7. Ameriquest's disclosures to plaintiffs in connection with plaintiffs' mortgage refinancing transactions did not comply with the requirements of the Truth in Lending Act. More specifically, the disclosures were deficient as follows:

8. The Notice of Right to Cancel forms that were delivered to Pedro and Celia Banuelos at the closing did not set forth the date that the rescission period expired, which is a violation of 12 C.F.R. § 226.23(b)(1)(v). Also, Pedro and Celia Banuelos were told that they would owe $207 for an Appraisal/Property Valuation Fee Deposit, if they backed out of the deal, a misrepresentation of the effects of rescission in violation of 12 C.F.R. § 226.23(b)(1)(iv). Pedro and Celia Banuelos were also misled as to the cost of credit in that the closing costs turned out to be higher than previously represented.

9. The Notice of Right to Cancel forms that were delivered to the Gallants at the closing did not set forth the date that the rescission period expired, which is a violation of 12 C.F.R. § 226.23(b)(1)(v). Secondly, The Notice of Right to Cancel form delivered at the closing makes it appear that only Trayvass Gallant has the right to cancel. In fact, Michelle Gallant, co-owner of the home and therefore a consumer under 12 C.F.R. § 226.2(a)(11), also had and has the right to cancel. The notice, therefore, did not properly disclose her rescission rights, a violation of 12 C.F.R. § 226.23(b)(1). Lastly, Ameriquest misled the Gallants as to the possibility of refinancing out of the Ameriquest mortgage before the interest rate increased, thereby effectively misleading plaintiffs as to the existence of a variable interest rate on their loan in violation of 12 C.F.R. § 226.18.

10. Under the Truth in Lending Act, if the rescission disclosures or material TILA disclosures are deficient, then the rescission period is extended for up to three years. See 12 C.F.R. § 226.23(a)(3) ("If the required notice or material disclosures are not delivered, the right to rescind shall expire 3 years after consummation, upon transfer of all of the consumer's interest in the property, or upon sale of the property, whichever occurs first").

11. Ameriquest's rescission and material TILA disclosures were defective. Accordingly, plaintiffs are entitled to rescission of their mortgage transactions.

**COUNT TWO -- VIOLATION OF STATE LAW**

12. Plaintiffs incorporate paragraphs one through eleven above.

13. In connection with trade or commerce, Ameriquest engaged in false advertising and engaged in unfair and deceptive acts and practices in violation of State laws (including common law doctrines) which prohibit bait and switch sales practices. This misconduct has caused damage to plaintiffs. More specifically:

14. Plaintiffs Pedro and Celia Banuelos own a home in Wheeling, Illinois. In or about

April 2005, plaintiffs spoke to an Ameriquest representative about refinancing the mortgage on their home. Plaintiffs were told that their closing costs would be about $2,500, but turned out to be over $11,000.

15. Plaintiffs Michelle & Trayvass Gallant own a home in Kernersville, NC where they live with their two children. Michelle Gallant is a purchasing manager and Trayvass Gallant is dockworker for Roadway Express. In or about May 2005, plaintiffs spoke to an Ameriquest representative about refinancing the mortgage on their home. The Ameriquest representative told Mrs. Gallant that Ameriquest could get then an adjustable rate loan with an interest rate of 9.75%. Mrs. Gallant told the Ameriquest representative that she did not want an adjustable rate loan. The Ameriquest representative told Mrs. Gallant that it would be two years before the rate adjusted and as the Gallant's credit improved, they would refinanced into a fixed rate before the rate of the Ameriquest loan adjusted.

16. Ameriquest's false and misleading statements to plaintiffs violated plaintiffs' rights under the North Carolina and Illinois Consumer Fraud Act.

17. Ameriquest's false and misleading statements deceived plaintiffs and proximately caused them injury.

18. Ameriquest's violation of plaintiffs' rights is part of a pattern and practice of illegal behavior by Ameriquest. Defendants Ameriquest Capital Corporation, ACC Capital Holdings, Ameriquest Mortgage Securities and Deutsche Bank National Trust Company knowingly aided and abetted this illegal behavior by Ameriquest and are therefore also liable to plaintiffs.

## **PRAYER FOR RELIEF**

WHEREFORE, plaintiffs request that the Court grant judgment against defendants as follows:

a.      canceling defendants' security interest in plaintiffs' homes and ordering

defendants to provide plaintiffs with the money to which plaintiffs are entitled to under 12 C.F.R. § 226.23(d)(2);

      b.      ordering defendants to pay costs, penalties, and attorneys fees;

      c.      awarding the plaintiffs actual and punitive damages;

      d.      granting such other relief as the Court deems just and proper.

      Respectfully Submitted By:

/s/ Anthony P. Valach, Jr
Counsel for Plaintiffs

THE LAW OFFICES OF DANIEL HARRIS
Daniel Harris
Anthony Valach
150 N. Wacker Dr., Suite 3000
Chicago, IL 60606
Telephone: (312) 960-1802
Facsimile: (312) 960-1936