**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715<br><br>Lead Case No. 05-cv-07097<br><br>Centralized before The Honorable Marvin E. Aspen |
| THIS DOCUMENT RELATES TO:<br><br>*Pedro and Celia Banuelos, et al. v. Ameriquest Mortgage Company, et al.* ; Case No. 08CV2680 | |

**DEFENDANT AMERIQUEST MORTGAGE COMPANY'S ANSWER AND
AFFIRMATIVE DEFENSES TO COMPLAINT**

Defendant AMERIQUEST MORTGAGE COMPANY ("Defendant"), by and through its attorneys, answers Plaintiffs' PEDRO and CELIA BANUELOS ("Plaintiffs") Complaint as follows.

**COMPLAINT**

**INTRODUCTION**

1.  Plaintiffs seek rescission of their mortgage transactions pursuant to 15 U.S.C. § 1635. Plaintiffs also charge defendants with violation of state law.

**ANSWER:** **Defendant admits that Plaintiff has filed a lawsuit against it. Defendant denies all remaining allegations in Paragraph 1. Defendant specifically denies that it violated the Truth in Lending Act and 15 U.S.C. § 1635 or state law.**

**JURISDICTION AND VENUE**

2.  This Court has jurisdiction pursuant to Title 28 of the United States Code, Sections 1331 and 1337 because plaintiffs' claim under the Truth in Lending Act arises under federal law. This Court has supplemental jurisdiction over plaintiffs' claim under state law

pursuant to the Judicial Improvements Act of 1990. Pub.L.No. 101-650, 104 Stat. 5089. 28 U.S.C. § 1367.

**ANSWER:** **Defendant does not contest subject matter jurisdiction. Defendant denies the remaining allegations in the paragraph.**

3.  Venue is proper in this district pursuant to 28 U.S.C. § 1391(c) because the defendants do business in this district. Also, the Judicial Panel on Multi-District Litigation has issued an order centralizing predatory lending litigation against Ameriquest before Judge Aspen.

**ANSWER:** **Defendant denies that venue is proper in the Northern District of Illinois pursuant to the Multi-District Litigation panel's Transfer Order based on Federal and State Constitutional grounds, including but not limited to Due Process and Equal Protection under the law. Defendant denies any remaining allegations in the paragraph.**

## PARTIES

4.  Plaintiff's are home owners who refinanced their mortgages with Ameriquest Mortgage Company.

**ANSWER:** **Defendant admits that at the time the Plaintiffs entered into their loan, Defendant Ameriquest Mortgage Company was in the business of originating loans secured by mortgages. The documents speak for themselves; therefore, no answer is required. If any answer is required, Defendant denies any liability to Plaintiffs.**

5.  Defendant Ameriquest Mortgage Company originated plaintiffs mortgages in connection with the refinancing transaction and took a security interest in plaintiffs' home. Upon information and belief, defendant Deutsche Bank National Trust Company is the owner/assignee of the Banuelos mortgage. Defendant Deutsche Bank National Trust Company, as Trustee of Ameriquest Mortgage Securities Inc., Asset-Backed Pass-Through Certificates, Series 2005-R7 and/or Ameriquest Mortgage Securities Inc., Asset Backed Pass-Through Certificates, Series 2005-R7 is the owner of the Gallant loan. Ameriquest Capital Corporation, ACC Capital Holdings, Inc.. Ameriquest Mortgage Securities, Inc. and Deutsche Bank National Trust

Company knowingly participated in and aided and abetted Ameriquest's violations of plaintiffs' rights under State law.

**ANSWER:** **The documents speak for themselves; therefore, no answer is required. To the extent this paragraph states conclusions of law, no answer is required. Defendant admits that at the time the Plaintiffs entered into their loan, Defendant Ameriquest Mortgage Company was in the business of originating loans secured by mortgages. If any answer is required, Defendant denies any liability to Plaintiffs.**

## COUNT ONE — TRUTH IN LENDING ACT

6. Plaintiffs incorporate paragraphs one through five above.

**ANSWER:** **Defendant restates its answers to Paragraphs 1-5 in answer to this paragraph.**

7. Ameriquest's disclosures to plaintiffs in connection with plaintiffs' mortgage refinancing transactions did not comply with the requirements of the Truth in Lending Act. More specifically the disclosures were deficient as follows:

**ANSWER:** **The documents speak for themselves; therefore, no answer is required. To the extent this paragraph states conclusions of law, no answer is required. If any answer is required, Defendant denies any liability to Plaintiffs.**

8. The Notice of Right to Cancel forms that were delivered to Pedro and Celia Banuelos at the closing did not set forth the date that the rescission period expired, which is a violation of 12 C.F.R. § 226.23(b)(1)(v). Also, Pedro and Celia Banuelos were told that they would owe $207 for an Appraisal/Property Valuation Fee Deposit, if they backed out of the deal, a misrepresentation of the effects of rescission in violation of 12 C.F.R. § 226.23(b)(1)(iv). Pedro and Celia Banuelos were also misled as to the cost of credit in that the closing costs turned out to be higher than previously represented.

**ANSWER:** **The documents speak for themselves; therefore, no answer is required. To the extent this paragraph states conclusions of law, no answer is required. If any answer is required, Defendant denies any liability to Plaintiffs.**

- 3 -

9. The Notice of Right to Cancel forms that were delivered to the Gallants at the closing did not set forth the date that the rescission period expired, which is a violation of 12 C.F.R. § 226.23(b)(1)(v). Secondly, The Notice of Right to Cancel form delivered at the closing makes it appear that only Trayvass Gallant has the right to cancel. In fact, Michelle Gallant, co-owner of the home and therefore a consumer under 12 C.F.R. § 226.2(a)(11), also had and has the right to cancel. The notice, therefore, did not properly disclose her rescission rights, a violation of 12 C.F.R. § 226.23(b)(1). Lastly, Ameriquest misled the Gallants as to the possibility of refinancing out of the Ameriquest mortgage before the interest rate increased, thereby effectively misleading plaintiffs as to the existence of a variable interest rate on their loan in violation of 12 C.F.R. § 226.18.

**ANSWER:** **The documents speak for themselves; therefore, no answer is required. To the extent this paragraph states conclusions of law, no answer is required. If any answer is required, Defendant denies any liability to Plaintiffs.**

10. Under the Truth in Lending Act, if the rescission disclosures or material TILA disclosures are deficient, then the rescission period is extended for up to three years. See 12 C.F.R. § 226.23(a)(3) ("If the required notice or material disclosures are not delivered, the right to rescind shall expire 3 years after consummation, upon transfer of all of the consumer's interest in the property, or upon sale of the property, whichever occurs first").

**ANSWER:** **To the extent this paragraph states conclusions of law, no answer is required. If any answer is required, Defendant denies any liability to Plaintiffs.**

11. Ameriquest's rescission and material TILA disclosures were defective. Accordingly, plaintiffs are entitled to rescission of their mortgage transactions.

**ANSWER:** **To the extent this paragraph states conclusions of law, no answer is required. If any answer is required, Defendant denies any liability to Plaintiffs.**

**COUNT TWO -- VIOLATION OF STATE LAW**

12. Plaintiffs incorporate paragraphs one through eleven above.

**ANSWER:** **Defendant restates its answers to Paragraphs 1-11 in answer to this paragraph.**

13.　　In connection with trade or commerce, Ameriquest engaged in false advertising and engaged in unfair and deceptive acts and practices in violation of State laws (including common law doctrines) which prohibit bait and switch sales practices. This misconduct has caused damage to plaintiffs. More specifically:

**ANSWER:** **To the extent this paragraph states conclusions of law, no answer is required. If any answer is required, Defendant denies any liability to Plaintiffs.**

14.　　Plaintiffs Pedro and Celia Banuelos own a home in Wheeling, Illinois. In or about April 2005, plaintiffs spoke to an Ameriquest representative about refinancing the mortgage on their home. Plaintiffs were told that their closing costs would be about $2,500, but turned out to be over $11,000.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

15.　　Plaintiffs Michelle & Trayvass Gallant own a home in Kernersville, NC where they live with their two children. Michelle Gallant is a purchasing manager and Trayvass Gallant is dockworker for Roadway Express. In or about May 2005, plaintiffs spoke to an Ameriquest representative about refinancing the mortgage on their home. The Ameriquest representative told Mrs. Gallant that Ameriquest could get then an adjustable rate loan with an interest rate of 9.75%. Mrs. Gallant told the Ameriquest representative that she did not want an adjustable rate loan. The Ameriquest representative told Mrs. Gallant that it would he two years before the rate adjusted and as the Gallant's credit improved, they would refinanced into a fixed rate before the rate of the Ameriquest loan adjusted.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

16. Ameriquest's false and misleading statements to plaintiffs violated plaintiffs' rights under the North Carolina and Illinois Consumer Fraud Act.

**ANSWER:** **To the extent this paragraph states conclusions of law, no answer is required. If any answer is required, Defendant denies any liability to Plaintiffs.**

17. Ameriquest's false and misleading statements deceived plaintiffs and proximately caused them injury.

**ANSWER:** **To the extent this paragraph states conclusions of law, no answer is required. If any answer is required, Defendant denies any liability to Plaintiffs.**

18. Ameriquest's violation of plaintiffs' rights is part of a pattern and practice of illegal behavior by Ameriquest. Defendants Ameriquest Capital Corporation, ACC Capital Holdings, Ameriquest Mortgage Securities and Deutsche Bank National Trust Company knowingly aided and abetted this illegal behavior by Ameriquest and are therefore also liable to plaintiffs.

**ANSWER:** **To the extent this paragraph states conclusions of law, no answer is required. If any answer is required, Defendant denies any liability to Plaintiffs.**

## AFFIRMATIVE DEFENSES

1. Plaintiffs' purported causes of action fail to state a claims upon which relief may be granted.

2. Plaintiffs' claims are barred by the applicable statute of limitations.

3. Plaintiffs' claims are barred in whole or in part under the doctrine of estoppel, laches and/or waiver.

4. Plaintiffs' claims are barred in whole or in part, on the ground that if any law was violated in any manner whatsoever, such violation, if any, was a direct and proximate result of the intervening and superseding actions on the part of other parties and/or persons or entities and not Defendant, and any such intervening or superseding action of said parties and/or persons or entities bars Plaintiffs' recovery.

5.	Defendant alleges that at all times relevant to this action Defendant acted within the course and scope of reasonable commercial standards and legitimate business transactions.

6.	Plaintiffs' claims are barred in whole or in part, because Plaintiffs would be unjustly enriched if allowed to recover on the Complaint.

7.	Defendant alleges that no officer, director, or managing agent of Defendant ratified the conduct alleged by Plaintiffs.

8.	Plaintiffs' claims are barred by the doctrines of res judicata and collateral estoppel.

9.	Plaintiffs' claims are barred in whole or in part, because Plaintiffs misrepresented their credit, income or other information association with obtaining the loan.

10.	Plaintiffs' claims are barred or limited because pursuant to 15 U.S.C. § 1640(c) the violations alleged were not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

11.	Plaintiffs are not entitled to rescind the mortgage loan under the Truth in Lending Act, or to obtain any statutory damages because all required disclosures and notices were accurately and timely made, and even if the disclosures were inaccurate, the inaccuracies are within the applicable tolerances.

12.	Plaintiffs are not entitled to statutory damages, or actual damages for failure to rescind, because no alleged disclosure error is apparent on the face of the disclosure documents.

13.	If it should be deemed that Plaintiffs are entitled to rescission, any obligation on the part of the holder of the loan to rescind the mortgage loan at issue in this lawsuit and release the lien on the subject property must be conditioned upon Plaintiffs' reimbursement or other return to the holder of the loan of all funds disbursed on Plaintiffs' behalf in connection with the subject mortgage loan, less any finance charges, pursuant to 15 U.S.C. § 1605(b) and/or other rules of law or equity. Any obligation on the part of the holder of the loan to rescind and to release any lien is conditioned upon Plaintiffs reimbursing or otherwise returning all funds

- 8 -

disbursed on their behalf to the holder of the loan in connection with the subject loan, less any finance charges.

14.     Defendant alleges that it presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses. Defendant reserves its right to file an amended answer asserting additional defenses, and/or to file a counter or cross-complaint in the event that discovery indicates that either is appropriate.

WHEREFORE, Defendant requests that this Court enter judgment in its favor and against Plaintiffs, award Defendant its costs, and provide such further and additional relief as it deems just and appropriate.

Respectfully submitted,

DATED:  August 22, 2008

By: /s/ Bernard E. LeSage
*Attorneys for Ameriquest Mortgage Company*

Bernard E. LeSage, Esq.
Sarah K. Andrus, Esq.
BUCHALTER NEMER, a P.C.
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017-2457
Telephone: (213) 891-0700
Facsimile: (213) 896-0400

## CERTIFICATE OF SERVICE

    I, Bernard E. LeSage, hereby certify that on this 22nd day of August 2008, a true and correct copy of the foregoing document was filed electronically.  Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.


                                                           By:   /s/  Bernard E. LeSage

BN 2071730v1